IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANA DAISY ACEVEDO,

Plaintiff

v.                                          CIVIL 09-2224 (JAG)

UNITED STATES OF AMERICA,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to dismiss for lack of subject matter jurisdiction filed by defendant, the United States of America, on June 11, 2010. (Docket No. 16.) The motion was opposed by plaintiff, Ana Daisy Acevedo, on July 21, 2010. (Docket No. 19.) This matter was referred to me for report and recommendation on November 12, 2010. (Docket No. 25.) For the reasons set forth below, I recommend that the defendant's motion to dismiss be GRANTED.

I.  BACKGROUND

Plaintiff filed a complaint against the defendant on December 7, 2009 for violations to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et. seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. (Docket No. 1.) Plaintiff alleges that she was arbitrarily terminated from her job as a Retail Operator at the Coast Guard Exchange System ("CGES"). (Id. at 5, ¶ 15.) According to plaintiff, the reason for her termination was due in part because she

CIVIL 09-2224 (JAG)                                    2

had refused to comply with an unreasonable search by a security officer. (Id. at 6, ¶ 17.) The incident took place on October 30, 2003. (Id. at 6, ¶ 20.) Plaintiff claims that after the incident she let her supervisor know that she had felt harassed. (Id. at 8, ¶ 40.) Allegedly, after being informed of the incident the supervisor told plaintiff that he was going to make sure she was really harassed. (Id.) On November 27, 2003 plaintiff was placed on administrative leave pending an investigation of the alleged incident. (Id. at 6, ¶ 21.) Four days later, on December 1, 2003, plaintiff was fired from her job. (Id. at 6, ¶ 22.) Plaintiff claims that her due process rights were violated because she was not given the opportunity to respond to the charges that were made against her before being fired. (Id. at 9, ¶ 46.) Thus, plaintiff requests that she be reinstated to her position, back pay, attorneys fees, $1,000,000 in emotional damages and $1,000,000 for the financial stress suffered as a result of being wrongfully terminated. (Id. at 10.)

A motion to dismiss was filed by the defendant on June 11, 2010. (Docket No. 16.) In essence, the defendant argues that plaintiff's complaint has to be dismissed for lack of subject matter jurisdiction because: (1) the statute of limitations under the FTCA expired; (2) claims for wrongful termination, reinstatement and back pay are not cognizable under the FTCA; (3) money

CIVIL 09-2224 (JAG)                              3

damages cannot be awarded under the APA; and (4) non-discriminatory adverse employment actions cannot be review under the APA. (Id. at 3, 5, 10 & 17.)

Plaintiff opposed the defendant's motion on July 21, 2010. (Docket No. 19.) She argues that the defendant's lack of subject matter jurisdiction argument has no merit because the claims alleged in the complaint are not based on discriminatory violations. (Id. at 5.) According to plaintiff she was led to believe that her case was a case of discrimination, when in fact it was a case of a tort committed against her by a federal employee acting in his official capacity. (Id.) Plaintiff thus argues that the defendant is responsible for the damages that were caused to her. (Id.) With respect to the defendant's limitations argument regarding the FTCA claim, plaintiff contends that the statute of limitations was interrupted because she was not properly advised of her rights by the agency. (Id. at 7.) Plaintiff alleges that as a result, she erroneously filed an administrative complaint in the wrong forum. (Id. at 8.) Finally, plaintiff agrees with the defendant that the APA does not provide the court with subject matter jurisdiction. (Id.) Plaintiff states that the APA claim was included in the complaint to show the court that she was terminated from her employment without due process. (Id.)

## II. STANDARD OF REVIEW

"Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to

CIVIL 09-2224 (JAG)                              4

state a claim upon which relief can be granted." Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009) (citing Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6)). A motion to dismiss brought under Rule 12(b)(1) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). Cintrón-Luna v. Román-Bultrón, 668 F. Supp. 2d 315, 316 (D.P.R. 2009). "In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief.'" Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010) (quoting Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 559)). When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." S.E.C. v. Binette, 679 F. Supp. 2d 153, 158 (D. Mass. 2010) (citing Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008)). Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the

CIVIL 09-2224 (JAG)                              5

speculative level.'" Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

"In Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion." Camacho-Torres v. Betancourt-Vázquez, 722 F. Supp. 2d 150, 154 (D.P.R. 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. at 1949-50). "The First Circuit has recently relied on these two principles as outlined by the Court." Jiménez-González v. Álvarez-Rubio, 683 F. Supp. 2d 177, 181 (D.P.R. 2010). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Camacho-Torres v. Betancourt-Vázquez, 722 F. Supp. 2d at 154 (citing Ashcroft v. Iqbal, 129 S. Ct. at 1950). "A claim has facial plausibility when the plaintiff pleads factual content

CIVIL 09-2224 (JAG)                              6

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ortiz-Skerrett v. Rey Enter., Inc., 692 F. Supp. 2d 201, 203 (D.P.R. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. at 1949) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556)).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Jaundoo v. Clarke, 690 F. Supp. 2d 20, 33 (D. Mass. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. at 1950).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Camacho-Torres v. Betancourt-Vázquez, 722 F. Supp. 2d at 154 (quoting Ashcroft v. Iqbal, 129 S. Ct. at 1950) (quoting Fed. R. Civ. P. 8(a)(2)).  "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation.'" Martínez-Díaz v. Doe, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S. Ct. at 1950-51) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 567).

"To determine jurisdiction under Rule 12(b)(1), the court may . . . review the evidence on record, including affidavits and depositions, as opposed to a dismissal request under any other subsection of Rule 12(b)." Fox v. Palmas Del Mar Prop., Inc., 620 F. Supp. 2d 250, 257 (D.P.R. 2009).  Also "the Court is not restricted to the face of the pleadings but may consider extra-pleading materials,

CIVIL 09-2224 (JAG) 7

such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." Id. (quoting Fernández Molinary v. Industrias La Famosa, Inc., 203 F. Supp. 2d 111, 114-15 (D.P.R. 2002) (citing Land v. Dollar, 330 U.S. 731 (1947)). "Once a defendant moves to dismiss under Rule 12(b)(1), subject matter jurisdiction is presumed lacking and the plaintiff bears the burden of establishing such jurisdiction." In re Celexa & Lexapro Marketing & Sales Practices Litig., --- F. Supp. 2d ---, 2010 WL 4644429, at *5 (D. Mass. Nov. 10, 2010).

### III.  ANALYSIS

A.  FTCA

"Under the FTCA's statute of limitations, a tort claim brought against the United States is 'forever barred' unless it is presented in writing to the appropriate federal agency within two years after the claims accrues." Limone v. United States, 336 F. Supp. 2d 18, 46 (D. Mass. 2004) (citing 28 U.S.C. § 2401(b)); see also Bonilla-Olmedo v. United States, 677 F. Supp. 2d 511, 522 (D.P.R. 2009). "Under the FTCA, the general rule is that a claim accrues at the time of injury." Bennett ex rel. Estate of Bennett v. F.B.I., 278 F. Supp. 2d 104, 108 (D. Mass. 2003). "[F]ailure to comply with the FTCA's statute of limitations means that the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it." Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

CIVIL 09-2224 (JAG) 8

Nevertheless, "it has been construed that equitable tolling defenses may be applicable to FTCA." Bonilla-Olmedo v. United States, 677 F. Supp. 2d at 522 (citing Rakes v. United States, 442 F.3d 7, 25 (1st Cir. 2006)). If the defense is raised, it is plaintiff who bears the burden of showing the court that the complaint is subject to equitable tolling. See Velázquez-Sánchez v. United States, 134 F. Supp. 2d 211, 216 (D.P.R. 2001).

"The doctrine of equitable tolling suspends the statute of limitations when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands, or claimant was materially misled into missing [a] deadline." Díaz v. United States, 561 F. Supp. 2d 222, 227 (D.P.R. 2008) (citing Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001)). "Equitable tolling is unavailable where 'a party fails to exercise reasonable diligence' in vindicating its own rights." Id. (quoting Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 72-73 (1st Cir. 2005)). "Courts weigh five factors in assessing claims of equitable tolling: (1) the lack of actual notice of the filing requirement; (2) the lack of constructive notice of the filing requirement; (3) the diligence in pursuing one's rights; (4) the absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the filing requirement." Velázquez-Sánchez v. United States, 134 F. Supp. 2d at 217 (quoting Benítez-Pons v. Commonwealth of Puerto Rico, 136 F.3d

CIVIL 09-2224 (JAG)                              9

54, 61 (1st Cir. 1998) (citing Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 752 (1st Cir. 1988)).

The First Circuit has also recognized that the equitable tolling defense may be invoked in cases of equitable estoppel. Ramírez-Carlo v. United States, 496 F.3d 41, 49 (1st Cir. 2007) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). "Under equitable estoppel, the Government is estopped from raising a statute of limitations defense when the plaintiff's untimeliness is due to his justified reliance on the Government's false or misleading statements or conduct." Muñiz-Rivera v. United States, 204 F. Supp. 2d 305, 317 (D.P.R. 2002) (citing Berman v. United States, 264 F.3d 16, 20 (1st Cir. 2001)). "For there to be equitable estoppel, there must be some affirmative government misconduct." Id. (citing Dantran, Inc. v. United States Dep't of Labor, 171 F.3d 58, 67 (1st Cir. 1999); Frillz, Inc. v. Lader, 104 F.3d 515, 518 (1st Cir. 1997); Bell v. Fowler, 99 F.3d 262, 268-69 (8th Cir. 1996); Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 1995)). "The defendant must have acted with an improper purpose, or it must have had constructive knowledge of the deceptive nature of its conduct." Id. (citing Kale v. Combined Ins. Co., 861 F.2d at 752).

Determining what doctrine applies depends on whether or not plaintiff was unaware of the facts underlying his cause of action and if he or she reasonably relied on the defendant's conduct or statements in failing to bring suit. Ramírez-

CIVIL 09-2224 (JAG)                              10

Carlo v. United States, 496 F.3d at 48.  If plaintiff was unaware of the facts underlying his cause of action then the equitable tolling doctrine applies.  Id. (citing González v. United States, 284 F.3d 281, 291 (1st Cir. 2002)).  On the other hand, if plaintiff had knowledge of said facts but failed to bring suit as a result of relying on the conduct and comments made by the defendant then the equitable estoppel doctrine applies.  Id. (citing Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d at 73).

The defendant argues that plaintiff's claim is time barred because she failed to file an administrative claim with the appropriate federal agency within two years of the cause of action's accrual. (Docket No. 16, at 10.) According to the defendant, plaintiff's claim began to accrue the day that she was terminated from her employment, on December 1, 2003. (Id. at 9.) Thus, the defendant states that plaintiff had until December 1, 2005 to file her administrative complaint with her employing agency in order for her claim to be timely. (Id.) However, the defendant claims that it was not until February 17, 2009 that plaintiff filed the administrative complaint. (Id. at 10.)

Plaintiff alleges that before filing the administrative complaint with her agency on February 17, 2009, she filed another complaint before the Equal Employment Opportunity Commission ("EEOC") on January 26, 2004. (Docket No. 1, at 2, ¶ 6.) Plaintiff claims that after several failed attempts to obtain a right to

sue letter, on April 24, 2007 the EEOC administrative judge issued a document which she construed as an authorization to file a civil suit. (Id. at 3.) On June 1, 2007 the suit was filed by plaintiff. (Id.) (See Civil 07-1469 (FAB).) On January 22, 2009 plaintiff's complaint was dismissed with prejudice and judgment entered. (See Civil 07-1469 (FAB), Docket No. 28.) Looking at the facts, it appears that plaintiff's claim is time barred. However, plaintiff's contends that it is not, because the statute of limitations was tolled. (Docket No. 19, at 7-8.) Plaintiff claims that the tolling occurred when she was not advised of her rights by the agency's EEO officer and as a result she, erroneously filed a complaint in the wrong administrative forum. (Id. at 8.)

Nowhere does plaintiff specify under which doctrine the statute of limitations has to be tolled. She only states that she was misled to believe that her claims were only actionable under anti-discrimination statutes and was not told that she had a right to file a FTCA claim against the defendant. (Docket No. 19, at 7.) Plaintiff claims that as a result, she was not able to file a timely complaint with the appropriate federal agency. (Id. at 8.) Based on these arguments, it seems that the doctrine invoked by plaintiff is the equitable estoppel doctrine. However, because plaintiff failed to show an affirmative misconduct by the defendant, the principles of equitable estoppel should not be applied by the court. "While there is no settled test for what constitutes 'affirmative misconduct,' it requires more

CIVIL 09-2224 (JAG) 12

than simple negligence." Ramírez-Carlo v. United States, 496 F.3d at 49 (quoting Dantran v. U.S. Dep't of Labor, 171 F.3d at 67). From the facts alleged in the complaint it does not appear that the defendant acted "with an improper purpose, or [that it] . . . had constructive knowledge of the deceptive nature of its conduct." Muñiz-Rivera v. United States, 204 F. Supp. 2d at 317 (citing Kale v. Combined Ins. Co., 861 F.2d at 752). Thus, plaintiff's FTCA claim should be dismissed by the court.

      Plaintiff alleges in her complaint that she was terminated from her employment without due process. (Docket No. 1, at 9, ¶ 46.) Additionally, she requests to be reinstated to her position, back pay, attorneys fees, and $2,000,000 for the financial stress and emotional damages suffered as a result of being wrongfully terminated. (Id. at 10.) As the defendant states, plaintiff's claims are work related and do not sound in tort. (Docket No. 16, at 4.) Even if it was assumed that the defendant's conduct was misleading and the statute of limitations was tolled under the equitable estoppel doctrine, the court should still dismiss plaintiff's FTCA claim. It is well settled law that constitutional tort claims, such as the one alleged in this case against the United States are not cognizable under the FTCA. Villanueva v. United States, --- F. Supp. 2d ---, 2010 WL 3808686, at *2 (D.P.R. Sept. 30, 2010) (holding that plaintiff's claim for wrongful termination was constitutional in nature and was not cognizable under the FTCA);

CIVIL 09-2224 (JAG)                              13

see also Mala v. Palmer, --- F. Supp. 2d ---, 2010 WL 5122381, at *5 (D.P.R. Dec. 16, 2010) (dismissing plaintiff's FTCA claim against defendants seeking monetary damages for constitutional violations); Potter v. Ledesma, 541 F. Supp. 2d 463, 466 (D.P.R. 2008).  Plaintiff's claim is based on the violation of her constitutional rights which fall outside of the scope of the FTCA.  Hence, because plaintiff essentially alleges that she was terminated from her employment without due process, her claim would fall under the rubric of the Fifth Amendment. Villanueva v. United States, --- F. Supp. 2d ---, 2010 WL 3808686, at *2.  As such, the court should find that it does not have subject matter jurisdiction to address plaintiff's claim under the FTCA.

   B.  APA

The defendant further argues that plaintiff cannot invoke the court's jurisdiction under the APA. (Docket No. 16, at 10.)  According to the defendant, the APA does not create an independent source of jurisdiction. (Id.)  Plaintiff does not oppose the defendant's argument. (Docket No. 19, at 8.)  She claims that any mention of the APA serves only as a way of showing the court that she was terminated from her employment without being afforded due process. (Id.)  The defendant however argues that plaintiff does not have a right under the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111 (codified in scattered sections of 5 U.S.C.), to seek judicial review of non-discriminatory

CIVIL 09-2224 (JAG)                           14

adverse employment actions.[1]  (Docket No. 16, at 11.)  The defendant is correct. "The CSRA 'provides the exclusive mechanism for federal employees seeking redress of non-discriminatory personnel actions connected with federal employment.'"  Villanueva v. United States, --- F. Supp. 2d ---, 2010 WL 3808686, at *3 (quoting Hernández v. Dep't of the Army, 927 F. Supp. 570, 574 (D.P.R. 1996) (citing United States v. Fausto, 484 U.S. 439 (1988)).  Specifically, "[t]he CSRA requires the exhaustion of administrative remedies in order to 'prevent [ ] litigants from bypassing Congress' carefully crafted remedial scheme' and to 'permit[ ] the federal agency to correct the violation or to explain its decision.'"  Elgin v. United States, 697 F. Supp. 2d 187, 195 (D. Mass. 2010) (quoting Irizarry v. United States, 427 F.3d 76, 79 (1st Cir. 2005)).  Since plaintiff does not allege that discrimination was the cause for her employment termination (Docket No. 19, at 5), she was obligated to exhaust the grievance scheme under the Coast Guard's Non-appropriated Fund Personnel Manual No. 12271.1A, Chapter 10.[2]  (Docket No. 16-1.)  Therefore, having no right to judicial review under the CSRA, plaintiff "cannot go around CSRA and assert federal jurisdiction

---

[1] Plaintiff, a former employee of the CGES, a non-appropriated fund instrumentality ("NAFI") of the United States, is covered by the provisions of the CSRA.  (Docket No. 1, at 5, ¶¶ 10 & 15 & Docket No. 16-1.)

[2] The grievance mechanism provides an informal and a formal process for review designed to resolve employee concerns promptly and equitably.  (Docket No. 16-1, at 5.)

CIVIL 09-2224 (JAG)                           15

by relying upon the [APA]." Pathak v. Dep't of Veterans Affairs, 274 F.3d 28, 32 (1st Cir. 2001); Conservation Law Found., Inc. v. Busey, 79 F.3d 1250, 1261 (1st Cir. 1996); Vill. W. Assocs. v. R.I. Hous. & Mortg. Fin. Corp., 618 F. Supp. 2d 134, 138 (D.R.I. 2009). As such, the court should refrain from reviewing plaintiff's termination claim under APA. Villanueva v. United States, --- F. Supp. 2d ---, 2010 WL 3808686, at *3 (citing McAuliffe v. Rice, 966 F.2d 979, 981 (5th Cir. 1992)).

## IV. CONCLUSION

For the reasons set forth above, it is my recommendation that the defendant's motion to dismiss for lack of subject matter jurisdiction be GRANTED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13,

CIVIL 09-2224 (JAG)                              16

14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this day 25th day of January, 2011,

                                S/ JUSTO ARENAS
                        Chief United States Magistrate Judge