IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANA DAISY ACEVEDO,

     Plaintiff

        v.

UNITED STATES OF AMERICA
Representing the Department of
Homeland Security

     Defendants

CIVIL NO. 09-2224 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Before the Court are the United States of America's Motion to Dismiss (Docket No. 16) and a Magistrate Judge's Report and Recommendation (Docket No. 26) advising the Court to grant the motion. For the reasons set forth below the Court, **REJECTS** in part and **ADOPTS** in part the Report and Recommendation and accordingly **GRANTS** the motion.

## PROCEDURAL BACKGROUND

Ana Daisy Acevedo ("Plaintiff") filed a complaint against the United States of America ("Defendant"), as representative of the Department of Homeland Security ("DHS"), on December 7, 2009 for violations to the Federal Tort Claims Act ("FTCA"), 28

Civil No. 09-2224 (JAG)                                              2

U.S.C. § 2671 et. seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. (Docket No. 1.) Plaintiff alleges that she was arbitrarily terminated from her job as a Retail Operator at the Coast Guard Exchange System ("CGES"). (Id. at ¶ 15.) According to Plaintiff, the reason for her termination was due in part to her refusal to comply with an unreasonable search by a security officer. (Id. at ¶ 17.) The incident took place on October 30, 2003. (Id. at ¶ 20.) Plaintiff claims that after the incident she let her supervisor know that she had felt harassed. (Id. at ¶ 40.) Allegedly, after being informed of the incident the supervisor told Plaintiff that he was going to make sure she was really harassed. (Id.) On November 27, 2003, Plaintiff was placed on administrative leave pending an investigation of the incident. (Id. at ¶ 21.) Four days later, on December 1, 2003, she was terminated from her job. (Id. at ¶ 22.)

Plaintiff claims that her due process rights were violated because she was not given the opportunity to respond to the charges that were made against her before being terminated. (Id. at 46.) Thus, Plaintiff requests reinstatement, back pay, attorney's fees, $1,000,000 in emotional damages and $1,000,000 for the financial stress suffered as a result of being wrongfully terminated. (Id. at 10.)

Civil No. 09-2224 (JAG)                                              3

A Motion to Dismiss was filed by the Defendant on June 11, 2010. (Docket No. 16.) In essence, the defendant argues that Plaintiff's complaint has to be dismissed for lack of subject matter jurisdiction because: (1) the statute of limitations under the FTCA expired; (2) claims for wrongful termination, reinstatement and back pay are not cognizable under the FTCA; (3) money damages cannot be awarded under the APA; and (4) non-discriminatory adverse employment actions cannot be reviewed under the APA. Id. at 3, 5, 10, 17.

Plaintiff opposed the Defendant's motion on July 21, 2010. (Docket No. 19.) She argues that the Defendant's argument regarding lack of subject matter jurisdiction has no merit because the claims alleged in the complaint are not based on discriminatory violations. Id. at 5. According to Plaintiff, she was led to believe that her case was one of discrimination, when in fact it was a tort committed against her by a federal employee acting in his official capacity. Id. Plaintiff thus argues that the Defendant is responsible for the damages that were caused to her. Id. Plaintiff contends that the statute of limitations was tolled because she was not properly advised of her rights by the CGES. Id. at 7. She alleges that as a result, she erroneously filed an administrative complaint in the wrong forum. Id. at 8. Finally, Plaintiff agrees with the Defendant

that the APA does not provide the court with subject matter jurisdiction but argues that the APA claim was included in the complaint to show the Court that she was terminated from her employment without due process. Id.

On November 11, 2010, the motion was referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 24). The Magistrate Judge recommended that the Court grant Defendant's motion. Specifically, the Magistrate Judge found that the FTCA's statute of limitations was not equitably tolled and, therefore, the case is time barred. He also found that, as Plaintiff had also acknowledged, there is no jurisdiction under the APA because she is not claiming she suffered from discrimination and the administrative procedures had not been exhausted.

Plaintiff timely filed her objections to the Report and Recommendation.

## STANDARD OF REVIEW

### Motion to Dismiss Standard of Review

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92,

95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 599). The
Court accepts all well-pleaded factual allegations as true, and
draws all reasonable inferences in plaintiff's favor. See
Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir.
1990). While Twombly does not require of plaintiffs a heightened
fact pleading of specifics, it does require enough facts to have
"nudged their claims across the line from conceivable to
plausible." Twombly, 550 U.S. at 570. Accordingly, in order to
avoid dismissal, a plaintiff must provide the grounds upon which
his claim rests through factual allegations sufficient "to raise
a right to relief above the speculative level." Id. at 555.

     In Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L. Ed. 2d 868
(2009), the Supreme Court upheld Twombly and clarified that two
underlying principles must guide this Court's assessment of the
adequacy of a plaintiff's pleadings when evaluating whether a
complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129
S.Ct. at 1949-50.

     The First Circuit has recently relied on these two
principles as outlined by the Supreme Court. See Maldonado v.
Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet
that a court must accept as true all of the allegations
contained in a complaint is inapplicable to legal conclusions.
Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal, 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

Review of Magistrate Judge's Report and Recommendation

        Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals,

Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States v. Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Alamo Rodriguez, 286 F. Supp. 2d at 146 (citing Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). However, if the affected party fails to timely file objections, the district court can assume that they have agreed to the magistrate judge's recommendation. Id.

## ANALYSIS

Plaintiff's first objection is that the Magistrate Judge incorrectly found that a previous case she had filed, Civil No. 07-1469 (FAB), had been dismissed with prejudice. (Docket No. 26, p. 11). Plaintiff's objection is correct. The Judgment in said case, which was issued on January 22, 2009 by Judge

Francisco A. Besosa, states that the case was dismissed without prejudice. (Docket No. 26-1). Given that the Magistrate Judge erred in this respect, the Court will perform a *de novo* review of the issues relating to the FTCA statute of limitations. However, the Magistrate Judge's finding regarding the lack of jurisdiction to entertain Plaintiff's claim under the APA will not be reviewed because Plaintiff did not object to it and the Court finds it to be correct.

In her Objections to the Report and Recommendation, Plaintiff contends that the statute of limitations in this case has been equitably tolled due to Defendant's conduct. She states that from the time she was terminated in 2003, she has been given misleading information by the Defendant regarding her rights. She argues that she was told in her termination letter she could either file a grievance with CGES or a charge before the Equal Employment Opportunity Commission ("EEOC"). She claims she was not told what a grievance would entail and, therefore, filed a charge for gender discrimination before the EEOC. This took place on January 26, 2004. It was not until April 24, 2007, and after several attempts from Plaintiff's attorneys, that she obtained what was "construed" as a right to sue letter.

On June 1, 2007, she filed a complaint in this Court claiming that she had been discriminated against because of her

Civil No. 09-2224 (JAG)                                                    9

gender and ethnicity. (Civ. No. 07-1469-FAB, Docket No. 4). The case was voluntarily dismissed and, as stated above, judgment was entered on January 22, 2009 dismissing her claims without prejudice.

Once the case before Judge Besosa was voluntarily dismissed, Plaintiff filed a claim before the Merit Systems Protection Board. Said agency dismissed the claim for lack of jurisdiction. On February 27, 2009, Plaintiff filed another claim based on the FTCA. According to Plaintiff, the agency dismissed the claim as untimely. Plaintiff claims that "the only reason she did not file a FTCA suit [before] is that she was never informed by the agency's EEO, EEOC, or the Assistant US attorney in the first civil suit filed." (Docket No. 29, p. 8). As a last attempt to revive this long expired claim, Plaintiff filed the present suit.

Based on the series of events described above, Plaintiff's attorneys argue that Defendant has continuously misled her and that applying the statute of limitations in this case "would be to reward a grave injustice against the plaintiff." Id.

The United States, as sovereign, "is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Loeffler v.

Civil No. 09-2224 (JAG)                                              10

Frank, 486 U.S. 549, 554 (1988); Federal Housing Administration v. Burr, 309 U.S. 242, 244 (1940). Sovereign immunity is jurisdictional in nature because the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); United States v. Mitchell, 463 U.S. 206, 212 (1983) (holding that "it is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

A waiver of sovereign immunity must be unequivocally expressed. See United States v. Mitchell, 445 U.S. 535 (1980). "Waivers of immunity must be 'construed strictly in favor of the sovereign,' and not 'enlarged … beyond what the language requires.'" DOE v. Ohio, 503 U.S. 607, 615 (1992) (citations omitted). See also McMahon v. United States, 342 U.S. 25, 27 (1951); Eastern Transp. Co. v. United States, 272 U.S. 675, 686, (1927). Likewise, the U.S. Supreme Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied. Lehman v. Nakshian, 453 U.S. 156, 160-1 (1981).

Plaintiff's action, as stated in the complaint, is predicated on an alleged Government official's illegal conduct in terminating her. It is well established that the exclusive

Civil No. 09-2224 (JAG)                                              11

remedy of a claimant seeking recovery of damages based on the tortious conduct of a federal agency is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, through which the United States waived its sovereign immunity as to suits of this nature. See Magee v. U.S., 121 F.3d 1, 3 (1st Cir. 1997); Santiago Ramirez v. Secretary of Department of Defense, 984 F.2d 16, 18 (1st Cir. 1993). However, section 2679(a) withdraws from federal agencies the authority to be sued directly given that, under the statute, a complaint may only be brought against the United States. Consequently, district courts lack subject matter jurisdiction over federal agencies such as the CGSE, in suits brought under the FTCA. Armor Elevator Co. Inc. v. Phoenix Urban Corp., 655 F.2d 19, 22 (1st Cir. 1981); Myers & Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975).

In order to balance the goal of efficiently encouraging settlement between a FTCA claimant and the federal agency which allegedly incurred in tortious conduct, Congress created an administrative procedure which the claimant must follow and exhaust before filing a complaint in district court. See 28 U.S.C. § 2675. In essence, the administrative procedure established in § 2675(a) requires that the potential plaintiff give notice to the appropriate federal agency of the nature of

Civil No. 09-2224 (JAG)                                      12

the claims and the damages requested. See Santiago-Ramirez, 984
F.2d at 18. Therefore, exhaustion of administrative remedies is
a non-waivable jurisdictional prerequisite to the prosecution of
a FTCA claim.

The FTCA's limitations provision provides, in pertinent
part, that an FTCA claim is time barred "unless it is presented
in writing to the appropriate federal agency within two years
after such claim accrues or unless action is begun within six
months after the … final denial of the claim by the agency."  28
U.S.C. § 2401(b). The FTCA requires that claimants complete the
statute's administrative exhaustion requirements before pursuing
a claim in federal court.  Id. § 2675.

The First Circuit has "repeatedly held that compliance with
this statutory requirement is a jurisdictional prerequisite to
suit that cannot be waived."  Id.  Accordingly, in order to
bring suit under the FTCA in federal court, a claimant must: (1)
present his claim to the appropriate federal agency within two
years of its accrual; and, (2) file his lawsuit within six
months of the agency's denial of the administrative claim.  See
Skwira v. United States, 344 F.3d 64, 70 (1st Cir. 2003).

Although the limitations period is determined by state
law, the accrual date is a question of federal law that is not
resolved by reference to state law. Wallace v. Kato, 549 U.S.

Civil No. 09-2224 (JAG)                                          13

384 (2007); <u>Rodriguez-Garcia v. Municipality of Caguas</u>, 354 F.3d
91, 96 (1st Cir. 2004); <u>Carreras-Rosa v. Alves-Cruz</u>, 127 F.3d
172, 174 (1st Cir. 1997)(per curiam). Under federal law, the
date of accrual is when plaintiff knew or had reason to know of
the injury. <u>Rodriguez-Garcia</u>, 354 F.3d at 96; <u>Benitez-Pons v.</u>
<u>Puerto Rico</u>, 136 F.3d 54, 59 (1st Cir. 1998).

In this case, as Defendant correctly points out in its
Motion to Dismiss, the statute of limitations began to run the
day Plaintiff was terminated: December 1, 2003. (Docket No. 16).
Therefore, she had until December 1, 2005 to file her
administrative claim.[1] However, she did not do so until February
17, 2009, allegedly because of Defendant's knowingly misleading
actions, which justify the application of the equitable tolling
doctrine.

"Generally, a litigant seeking equitable tolling bears the
burden of establishing two elements: (1) that he has been
pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S.
408, 418 (2005). "Due diligence is a prerequisite for equitable

---

[1] Defendant contests that Plaintiff's claim is not cognizable
under the FTCA for it is not a claim based on a tort. Given that
the Court will grant Defendant's motion based on the FTCA's
statute of limitations, the Court will assume *arguendo*, but will
not determine, that her claim falls within the purview of the
FTCA.

tolling," although it cannot be said it is *sine qua non*. <u>Donahue v. US</u>, 211 U.S. App. Lexis 2644 (1st Cir. 2011).

The reason for the late filing is an important factor in applying the equitable tolling doctrine. <u>Trapp v. Spencer</u>, 479 F.3d 53, 59 (1st Cir. 2007). "Generally, in civil cases, 'garden-variety' attorney negligence, even if excusable, is not grounds for equitable tolling." <u>Trapp v. Spencer</u>, 479 F.3d 53, 60 (1st Cir. 2007) (citing <u>Irwin v. Dep't of Veterans' Affairs</u>, 498 U.S. 89, 96 (1990)). Rather, "equitable tolling is appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." <u>Zerilli-Edelglass v. New York City Transit Auth.</u>, 333 F.3d 74 (2d Cir. 2003) (internal citations and quotations omitted).

In the case at bar, Plaintiff's attorneys argue that Plaintiff's termination letter stated that she could file a grievance or file a claim with the EEOC, but did not provide further information. Also, in the Objections to the Report and Recommendation that, "[o]n August 22, 2005, after a conversation with the EEOC Administrative Judge, who had threatened to dismiss the complaint … We were not advised that we needed to take additional steps, being led to believe that the Agency would issue a decision on our claim." (Docket No. 29, p. 4).

Civil No. 09-2224 (JAG)                                              15

Moreover, they specifically allege that the Assistant United States Attorney in the previous action misled them regarding the appropriate venue and, allegedly, induced them to request the dismissal of the case. Id. at 5. Regarding this issue, they state in the Objections to the Report and Recommendation:

> [d]uring discovery proceedings on that case … she was told by the government's attorney that her claim was not really based on gender but on an arbitrary and capricious decision taken by her supervisor… Plaintiff was told she should file a claim with the Merit Service Protection Board ["MSPB"]… Plaintiff was specifically told to take another route by someone who knew or should have know that she would not have a recourse going to the MSPB. This was an affirmative action, not mere negligence. (Docket No. 29, pp. 2-3).

The Court considers that none of Plaintiff's attorneys' allegations depict circumstances that could be reasonably considered extraordinary but, in turn, merely represent 'garden variety' attorney negligence. In her termination letter, Plaintiff was advised that she could file a grievance at the Coast Guard or the EEOC. She was given specific information about how to file a grievance and was even advised of the person she could contact in case she needed assistance in filing it. (Docket No. 29-2, p. 2). Nonetheless, there is no explanation regarding why this procedure was not followed and a claim was filed before the EEOC. Plaintiff's counsel, as such, are presumed to have enough knowledge of the law and the facts

Civil No. 09-2224 (JAG)                                          16

relating to their client's claim to realize at that time, as
they allege now, that their client's claim was based on a
purported tortious act. The facts, as presented by Plaintiff's
counsel, depict several failed attempts, under distinct theories
and before different *fora*, to make claims against Defendant.
Plaintiff's counsel now seek to peg the blame for their failed
efforts on Defendant. However, they cannot pretend that this
Court consider that they were fooled by Defendant's counsel into
dismissing a previous civil case because they should have, at a
bare minimum, corroborated Defendant's counsel's "advise"
regarding which administrative agency had jurisdiction.
Especially, after their failed attempt at the EEOC.

    In the absence of any specific allegations regarding
concealment of information on Defendant's part, the Court will
not be moved to find that the doctrine of equitable tolling
applies here. Courts rarely apply this doctrine in criminal
cases, much less in civil cases such as this one, where attorney
mistakes are to blame. Because of its particular relevance in
the case at hand we will cite extensively from the recent First
Circuit Opinion in <u>Donohue</u>:

        We are not without sympathy for the plaintiffs'
    plight … But statutes of limitation are designed to
    operate mechanically. They aspire to bring a sense of
    finality to events that occurred in the distant past
    and to afford defendants the comfort of knowing that
    stale claims cannot be pursued. Their mechanical

Civil No. 09-2224 (JAG)                                               17

operation may at times have seemingly harsh consequences, but the amelioration of such consequences is a matter for Congress rather than for the courts. <u>Donahue</u>, 2011 U.S. App. LEXIS 2644 at 39-40 (1st Cir. 2011)(citation omitted).


**CONCLUSION**


For the reasons stated above, the Court hereby **REJECTS** in part and **ADOPTS** in part the Report and Recommendation (Docket No. 26) and accordingly **GRANTS** Defendant's Motion to Dismiss (Docket No. 16). Judgment shall be entered accordingly.



IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2011.



<u>S/ Jay A. García-Gregory</u>
JAY A. GARCÍA-GREGORY
United States District Judge